NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITE HERE! LOCAL 878, AFL-CIO,

          Petitioner,

 v.

NATIONAL LABOR RELATIONS
BOARD,

          Respondent.

No.   21-70388

NLRB Nos.  19-CA-193656
               19-CA-193659
               19-CA-203675
               19-CA-212923
               19-CA-212950
               19-CA-218647
               19-CA-228578

MEMORANDUM*

NATIONAL LABOR RELATIONS
BOARD,

          Petitioner,

LOCAL 878,

          Intervenor,

 v.

CP ANCHORAGE HOTEL 2, LLC, D/B/A
Hilton Anchorage,

          Respondent.

No.   21-70700

NLRB Nos.  19-CA-193656
               19-CA-193659
               19-CA-203675
               19-CA-212923
               19-CA-212950
               19-CA-218647
               19-CA-228578

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted July 8, 2022
Portland, Oregon

Before: R. NELSON and LEE, Circuit Judges, and RAKOFF,** District Judge.

UNITE HERE! Local 878, AFL-CIO (the "Union") petitions for review of the decision and order of the National Labor Relations Board ("NLRB" or "the Board") issued on February 10, 2021, against CP Anchorage Hotel 2, LLC d/b/a Hilton Anchorage ("Hilton"). While finding that Hilton violated §§ 8(a)(1) and 8(a)(5) of the National Labor Relations Act ("NLRA")[1] by engaging in various unlawful behaviors, the Board dismissed the Union's allegations of unlawful surveillance and unilateral change involving a purported increase in management presence in Hilton's cafeteria—where the union representatives typically met with employees—in February 2017. The Board brings an application for enforcement of the order. We have jurisdiction under 29 U.S.C. § 160. We deny the Union's petition for review and grant the Board's application for enforcement.

"Decisions of the NLRB will be upheld on appeal if the findings of fact are supported by substantial evidence and if the agency correctly applied the law."

---

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] 29 U.S.C. §§ 158(a)(1), 158(a)(5).

2

*Loc. Joint Exec. Bd. of Las Vegas* ("*LJEB*") *v. NLRB*, 515 F.3d 942, 945 (9th Cir. 2008) ("*LJEB* I"). "[W]e may not 'displace the NLRB's choice between two fairly conflicting views, even though [we] would justifiably have made a different choice had the matter been before [us] de novo.'" *Sever v. NLRB*, 231 F.3d 1156, 1164 (9th Cir. 2000) (last two alterations in original). Where, as is the case here, the Board adopts the decision of the Administrative Law Judge ("ALJ") in relevant part as its own, "we . . . review the ALJ decision, as affirmed by the Board, as the Board decision." *Transbay Container Terminal v. U.S. Dep't, Lab. Benefits Rev. Bd.*, 141 F.3d 907, 910 (9th Cir. 1998).

1.      "An employer violates section 8(a)(5) [and (1)] by making any unilateral changes to the mandatory bargaining subjects covered by section 8(d)," namely wages, hours, and other terms and conditions of employment. *LJEB v. NLRB*, 540 F.3d 1072, 1078 (9th Cir. 2008) ("*LJEB* II"). For the purposes of this rule, a "past practice [may] become[] a term and condition of employment that cannot be changed without first notifying and bargaining with the union to agreement or good faith impasse." *Frankl ex rel. NLRB v. HTH Corp.*, 693 F.3d 1051, 1064 (9th Cir. 2012). The ALJ dismissed the allegation that Hilton unilaterally changed management presence in the cafeteria in February 2017 based on the finding that employees and managers were often simultaneously present in the cafeteria, including during the times when union representatives visited

employees. Specifically, the ALJ credited testimony showing that at least five managers regularly visited the cafeteria while union representatives were there both before and after February 2017. The evidence thus provides substantial support to the ALJ's finding that there was no "past practice or reasonable expectation that the Union would be able to meet with employees in the cafeteria at the exclusion of management." Accordingly, we affirm the Board's dismissal of the unilateral-change allegation.

2. Section 8(a)(1) of the NLRA states that "[i]t shall be an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title." 29 U.S.C. § 158(a)(1). "The Board has interpreted Section 8(a)(1) to make observation of union activity unlawful, 'if the observation goes beyond casual and becomes unduly intrusive.'" *LJEB* I, 515 F.3d at 945 (quoting *Kenworth Truck Co., Inc.*, 327 N.L.R.B. 497, 501 (1999)). Based on the finding that there was no unusual increase in management presence in the cafeteria on or after February 2017, the ALJ concluded there was nothing "out of the ordinary" about the management presence in the cafeteria beginning in February 2017 so as to create an impression of surveillance. Because the evidence provides substantial support for this finding, we also affirm the ALJ's dismissal of the surveillance allegation.

3. "[W]here the Board has acted properly within its designated sphere,

the court is required to grant enforcement of the Board's order." *NLRB v. Warren Co.*, 350 U.S. 107, 112 (1955). Hilton does not challenge the Board's findings of unfair labor practices and concedes that the Board is within its statutory authority in seeking to enforce its order. Nevertheless, Hilton urges the Court to refuse to enforce the Board's order, citing out-of-circuit decisions holding that a court can "decline to enforce a Board order if the action sought in the order is unnecessary or futile." *NLRB. v. Greensboro News & Rec., Inc.*, 843 F.2d 795, 798 (4th Cir. 1988). This Court has never recognized such an exception to the enforcement of a Board order. But, even if such an exception exists, it does not apply here. Hilton argues that the order is unnecessary given that it previously agreed to settle certain charges against it. But the settlements cited by Hilton have never been finalized and omit some of the order's remedial requirements.

Hilton also argues that the Board is equitably estopped from seeking enforcement in light of an email from an NLRB compliance officer stating "compliance will be held until [the Court] rules on the Petition for Review." Even assuming the Board may be equitably estopped, estoppel requires a showing of "detrimental reliance," *Corbello v. Valli*, 974 F.3d 965, 978 (9th Cir. 2020), which Hilton has not made. The Board is thus entitled to summary enforcement of its order.

**PETITION DENIED, APPLICATION GRANTED.**